IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-13-BO

| | |
|---|---|
| KERRY A. GOWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [D.E. 17, 19]. A hearing on this matter was held in Raleigh, North Carolina on February 21, 2018. [D.E. 22]. For the reasons discussed below, plaintiff's motion [D.E. 17] is DENIED, defendant's motion [D.E. 19] is GRANTED, and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff previously applied for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") and received an unfavorable decision from an Administrative Law Judge ("ALJ") on March 12, 2014. [Tr. 58–79]. Plaintiff did not appeal. On August 6, 2015, plaintiff again applied for DIB, alleging a disability onset of October 13, 2011. [Tr. 180–81]. This claim was denied initially and upon reconsideration. [Tr. 80–95, 96–114, 117–20, 122–27].

On June 28, 2016, an ALJ conducted a hearing to consider plaintiff's claims *de novo*. [Tr. 33–57]. On August 29, 2016, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. [Tr. 10–32]. The Appeals Council denied plaintiff's

review request on January 13, 2017, rendering the ALJ's decision the Commissioner's final decision. [Tr. 1–3].

On January 25, 2017, plaintiff filed a complaint in this court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). [D.E. 1].

## **LEGAL STANDARD**

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Substantial evidence "'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial evidence supports the Commissioner's final decision, courts should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

Under the Act, an individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Further:

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable

> to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting him from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

An RFC finding considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. *Id.* The ALJ considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite his limitations. 20

3

C.F.R. § 404.1545(a)(1). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, and five days per week. *See* SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

At step four, the ALJ considers a claimant's RFC to determine whether he can perform past relevant work ("PRW") despite his impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on his RFC, age, education, and work experience–can make an adjustment to perform other work. *Id.* If the claimant cannot perform other work, the ALJ finds him disabled. *Id.*

## THE ALJ'S DECISION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of October 13, 2011, through his date last insured of December 31, 2015, the date he last met the insured status requirement of the Act.[1] [Tr. 14, 16]. At step two, the ALJ enumerated plaintiff's severe impairments through the date last insured, including: lumbar degenerative disc disease ("DDD"), status-post lumbar fusion; seizure disorder; and bipolar disorder. [Tr. 16]. At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 17–18].

The ALJ found that, through the date last insured, plaintiff had the RFC to perform less than the full range of light work with the following restrictions:

> The claimant can never climb ladders, ropes or scaffolds. He can occasionally stoop and crouch, and he can frequently sit, stand, [and] walk. He can occasionally climb ramps and stairs, balance, kneel, and crawl. The claimant must have no exposure to workplace hazards. He is capable of performing and

---

[1] Plaintiff admits that the effective onset date of his claim is March 13, 2014, the day after his prior DIB decision was rendered. *See* [D.E. 18] at 6; *see also* [Tr. 14] (declining to reopen the earlier administrative decision).

4

sustaining simple, routine, repetitive tasks in a work environment that does not require a production-rate pace. He is capable of occasional superficial contact with the general public.

[Tr. 19]

At the hearing on June 28, 2016, the vocational expert ("VE") testified that plaintiff could not perform his PRW as a carpenter, drywall installer, and construction contractor. [Tr. 55]. However, the VE found that plaintiff could still perform the following representative jobs: Returned Goods Sorter (DOT #922.687-086) with 472,000 positions available nationally; (2) Paper Products Hand Bander (DOT #930.687-026) with 250,000 positions available nationally; and (3) Stock Checker (DOT #299.667-014) with 198,000 positions available nationally. *Id.*

At step four, the ALJ determined that the VE's testimony was consistent with the DOT and adopted the VE's finding that plaintiff was unable to resume his PRW. [Tr. 26]. At step five–in reliance upon the VE's testimony regarding alternative jobs that plaintiff could perform, and after considering plaintiff's age, education, work experience, and RFC–the ALJ determined that plaintiff was not disabled within the meaning of the Act. [Tr. 27–28].

## DISCUSSION

Plaintiff first argues that the ALJ erred in finding that he maintained the RFC for light work. *See* [D.E. 18] at 20. Specifically, plaintiff contends that the record reflects he is capable of, at most, sedentary work, and that the ALJ should have found him disabled pursuant to the grid (a.k.a. the Medical Vocational Guidelines) regulation 201.14. *See id.* at 22–26 (citing, among other things, 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 201.14).

Contrary to plaintiff's first argument, the ALJ carefully considered the entire record and discussed the existence and consequences of plaintiff's disabilities, to include DDD, status-post lumbar fusion, seizure disorder, and bipolar disorder. *See* [Tr. 16]. As discussed above, the ALJ

5

found that the cumulative effects of plaintiff's document impairments would preclude him from everything but light work but were not totally disabling. [Tr. 27–28]. There is no apparent discrepancy between the limitations discussed in the ALJ's RFC finding and the requirements of the jobs that the ALJ found–based on the VE's testimony–that plaintiff could perform. Succinctly stated, although plaintiff disagrees with the ALJ's RFC finding, this finding is supported by substantial evidence in the record, and the court declines to reweigh the evidence or substitute its judgment for that of the Commissioner. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401; *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589; *see also Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (requiring, for a finding of substantial evidence, that the record "include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989))).

Second, plaintiff argues that the ALJ erred in failing to give significant weight to the opinions of Jonathan Staub, M.D. ("Dr. Staub"). *See* [D.E. 18] at 24–25. Plaintiff specifically contends that, because Dr. Staub was his long-time primary care physician, and because none of the factors for finding that the opinion of a treating physician merited less weight apply here, the ALJ was required to assigning controlling weight to Dr. Staub's opinions. *See* [D.E. 18] at 24 (citing 20 C.F.R. § 404.1527; *Johnson*, 434 F.3d at 654).

Contrary to plaintiff's second argument, an ALJ is entitled to give little weight to a medical opinion, including that of a treating physician. *See, e.g.*, 20 C.F.R. § 404.1527(c) (noting that an ALJ must apply various factors and give "good reasons" for not assigning controlling weight to a treating physician's opinion); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (noting that "the ALJ holds the discretion to give less weight to the testimony of a treating

physician in the face of persuasive contrary evidence."); *Craig*, 76 F.3d at 590 ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Here, the ALJ both acknowledged that Dr. Staub was plaintiff's treating physician [Tr. 21] and articulated clear reasons for assigning little weight to his medical opinions. The ALJ first noted that the prior administrative decision denying DIB also considered the earlier opinions of Dr. Staub. [Tr. 21] (referencing [Tr. 67, 71–72]). This prior administrative decision found that, contrary to Dr. Staub's opinions, the record reflects that plaintiff's back condition was not significantly disabling because: plaintiff had not sought emergency treatment for his back pain after May 2012; plaintiff's back pain is managed with over-the-counter medication; plaintiff only sees Dr. Staub for back-pain treatment once every six months; physical examinations do not show that plaintiff has strength deficits or gait abnormalities that would support Dr. Straub's opinions; plaintiff himself testified that he could lift 20 pounds (more than what Dr. Staub opined); and that, in spite of Dr. Staub's opinion that plaintiff's back pain was caused by scar tissue, a lumbar CT scan shows no evidence that plaintiff has scar tissue causing spinal cord compression. *See* [Tr. 67, 71–72]. The prior administrative decision also found that psychiatric specialists' evaluations conflicted with Dr. Staub's diagnosis of depression with paranoid features, and that Dr. Staub's opinion that plaintiff had difficult concentering and sustaining attention was not supported by other mental status examinations. *See* [Tr. 72].

Contrary to plaintiff's contention that the ALJ mischaracterized the record regarding plaintiff's continued back treatments, *see* [D.E. 18] at 24, the ALJ actually conceded that plaintiff subsequently sought emergency department treatment for chronic low-back pain in April and May of 2014, but nevertheless noted that, upon examination, plaintiff had no motor or

7

neurological deficits, *see* [Tr. 21]. The ALJ further noted a conflict between Dr. Staub's April 2015 assessment of chronic, recurrent lumbago and Dr. Staub's July 2015 physical examination listing low-back pain as a problem, but not a chronic condition. *See id.* (referencing Tr. 412–416). Nevertheless, the ALJ concluded that, in spite of these conflicts, plaintiff's back disorder was fully account for in the RFC. *See id.* The ALJ also discussed Dr. Staub's July 2015 diagnosis of stable, unspecified epilepsy and Dr. Staub's June 2016 opinion asserting that his earlier December 2012 opinion "continued to reflect, to a reasonable degree of certainty, the claimant's [RFC], through December 31, 2015." [Tr. 22]. The ALJ concluded that Dr. Staub's June 2016 medical opinion was due little weight because it was internally inconsistent and not consistent with the record as a whole, to include Dr. Staub's own treatment notes. *See* [Tr. 26].

Consistency and supportability are two of the factors used to determine the weight that is due to a treating physician's medical opinion. *See Johnson*, 434 F.3d at 654 ("Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." (citing 20 C.F.R. § 404.1527)). Here, as noted above, the ALJ discussed both the various inconsistencies found in Dr. Staub's opinions themselves and between other record evidence, and the fact that Dr. Staub's conclusions as to plaintiff's degree of disability were not supported. *See* [Tr. 21–26]. Thus, in spite of plaintiff's lengthy treatment relationship with Dr. Staub, the court finds that the ALJ's determination–finding that little weight is due to Dr. Staub's opinions–is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401; *Radford*, 734 F.3d at 295; *Johnson*, 434 F.3d at 653.

The court concludes that the Commissioner's final decision–including the ALJ's RFC finding and the ALJ's determination that little weight was due to Dr. Staub's opinions–applied the correct legal standard and is supported by "more than a mere scintilla" of evidence. *See Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589. Accordingly, because there is substantial evidence to support the Commissioner's final decision, affirmance is appropriate here. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401. Therefore, plaintiff's third argument–generally advocating for reversal, not remand, *see* [D.E. 18] at 26–is rendered moot.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [D.E. 17] is DENIED, the Commissioner's motion on the pleadings [D.E. 19] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED.

This __6__ day of March, 2018.

TERRENCE W. BOYLE
United States District Judge